## Puhl v. Puhl, Appellant.

Argued April 9, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*N. John Serbin,* with him *Brasley, Rubin, Balter & Cole,* for appellant.

*Robert M. Ewing,* for appellee.

OPINION BY KELLER, P. J., July 18, 1935:

The libellant brought this action of divorce against his wife, on the ground of wilful and malicious desertion. The case was heard by Judge EGAN, who granted the divorce.

The parties were married in Wellsburg, West Virginia, on January 18, 1929. They lived together until October 17, 1931, when she left him. There are no children.

Her present excuse for leaving him was her unwillingness to live with her husband's parents. Ordinarily a wife is not expected to live with her husband in the home of his parents; it is his duty to provide her a home separate and apart from his parents. But in this case the court below was of opinion that the excuse set up was not made in good faith, and that her real reason for leaving her husband was her unwillingness any longer to live with him. The evidence, in our view, supports this conclusion.

Each of the parties had previously been married and divorced. For about eight years prior to their marriage the respondent roomed with the libellant's parents and took some of her meals with them. The libellant, during this period, also lived with his parents.

He was a police officer. Following their marriage, they continued to live together where for eight years they had lived separately. This continued during the whole of their married life, except for a short time in March, 1931, when they occupied a small furnished apartment by themselves. They gave this up, and returned to his home to live, because his work as a police officer took him out at night and she did not want to be alone. Their residence at his parents' home was not only with her consent but by her desire. Having, for some unexplained reason, lost her affection for, and interest in, her husband, she now advances his failure to secure a separate home as the cause of her deserting him. The trial judge, who saw and heard the witnesses, was not impressed with the truth of her statements in this regard. He was of opinion, from her testimony at the hearing, "that she would not have gone to her husband if he had provided a separate home for her. The arrangement to live with Mr. Puhl's people was with the desire and consent of the respondent. When she left him on October 17, 1931, it was not due to his failure to give her a separate home; it was due to the fact that she was dissatisfied with married life with the libellant."

The evidence, as a whole, in our opinion, supports the trial judge's finding. The necessary result of his finding is that the desertion was wilful and malicious and without a reasonable cause.

The decree is affirmed.